# Nos. 12-4671(L);

12-4708-cv(CON), 12-4765-cv(CON), 13-4719-cv(CON), 13-4750-cv(CON), 13-4751-cv(CON), 13-4752-cv(CON), 14-32-cv(CON), 14-117-cv(CON), 14-119-cv(CON), 14-133-cv(CON), 14-157-cv(CON), 14-159-cv(CON), 14-192-cv(CON), 14-197-cv(CON), 14-219-cv(CON), 14-225-cv(CON), 14-241-cv(CON), 14-250-cv(CON), 14-266-cv(CON), 14-303-cv(CON), 14-331-cv(CON), 14-349-cv(CON), 14-404-cv(CON), 14-422-cv(CON), 14-443-cv(CON),14-480-cv(CON), 14-497-cv(CON), 14-530-cv(CON), 14-567-cv(CON), 14-584-cv-(CON), 14-606-cv-(CON), 14-663-cv-(CON), 14-837-cv-(CON)

___

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

___

**IN RE PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION**

___

Appeal from the United States District Court
For the Eastern District of New York (Brooklyn)
Case No. 05-md-1720
Hon. John Gleeson, U.S. District Judge

___

FINAL FORM BRIEF OF APPELLANTS

THE IRON BARLEY RESTAURANT LLC

___

Steve A. Miller
Steve A. Miller, P.C.
1625 Larimer St., St. 2905
Denver, CO 80202
Ph. 303.892.9933
Sampc01@gmail.com

## **CORPORATE DISCLOSURE STATEMENT**

No Appellant herein has a parent corporation and no publicly held corporation owns 10% or more of the stock of any Appellant herein.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT…………..……………………..…..2

TABLE OF AUTHORITIES……………………………..…………………….…..3

JURSIDICTIONAL STATEMENT……………………..……………………….6

STATEMENT OF ISSUES……………………………..…….………………….7

STANDARD OF REVIEW…………………………….….……………………….7

STATEMENT OF THE CASE………………………………………………………8

STATEMENT OF FACTS………………………….……………………….10

SUMMARY OF ARGUMENT………………………….…....…..…………….11

ARGUMENT………………………………………………………………….……..12

CONCLUSION………………………………………………....…………….13

NOTICE OF JOINDER…..................……………………..……………14

CERTIFICATE OF SERVICE………………………….....…..……………15

CERTIFICATE OF COMPLIANCE.……………………….....……………..15

TABLE OF AUTHORITIES

CASES                                                                    PAGE

*Arbor Hill Concerned Citizens*
*Neighborhood Association v. County of Albany*,
522 F.3d 182 (2nd Cir. 2008)...………….…………...………......….7, 10, 11, 12

*Goldberger v. Integrated Res., Inc.*,
209 F.3d 43 (2nd Cir. 2000)……..………………...…………………..………..…12

*In re Literary Works in Electronic Databases Copyright Litigation*,
654 F.3d 242 (2nd Cir. 2011). ....…………………………………………….…….7

*McDaniel v. County of Schenectady*,
595 F.3d 411, 416 (2nd Cir. 2010)……………………………………….....……7

*Perdue v. Kenny A.*,
559 U.S. 542 (2010)…………..………………………….…………………13

*STATUTES:*

28 U.S.C. § 1291…………………………………………………………………..6

28 U.S.C. § 1331…………………………………………………………………..6

28 U.S.C. § 1332…………………………………………………………………..6

28 U.S.C. § 1337…………………………………………………………………..6

28 U.S.C. § 2201…………………………………………………………………..6

28 U.S.C. § 2202…………………………………………………………………..6

# **JURISDICTIONAL STATEMENT**

The U.S. District Court for the Eastern District of New York (Gleeson, J.) exercised jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337, 2201, and 2202.

This Court has appellate jurisdiction under 28 U.S.C. § 1291. The district court entered its Memorandum and Order (SPA 1) approving the class action settlement on December 13, 2013 and entered Final Judgment thereon (SPA 73) on January 14, 2014. The district court entered its Memorandum and Order (SPA 56) awarding class counsel attorneys' fees of $544,800,000 on January 10, 2014 and entered Final Judgment Awarding Attorneys' Fees (SPA 203) on January 14, 2014.

Class members, The Iron Barley Restaurant LLC, The Feral Pig (KP Group LLC), Homestead Restaurant (Historical Homestead, Inc.), Paris Beauty Salon, Rachel Mustoe (dba Tousled Hair Studio), and Kristina Newman – Hair, timely filed their joint Notice of Appeal (JA 2606) (Appeal No. 14-133) on January 10, 2014 from the December 13, 2013 Memorandum and Order (SPA 1) and the January 10, 2014 Memorandum and Order (SPA 56). Thereafter, Appellants filed their joint Amended Notice of Appeal (JA 2620) (Appeal No. 14-663) on February 13, 2014 from the January 14, 2014 Final Judgment (SPA 73) and the January 14, 2014 Final Judgment Awarding Attorneys' Fees (SPA 203).

This appeal, as amended, is from a final judgment that disposes of all parties' claims.

## STATEMENT OF ISSUES

Is the award of $544,800,000 in attorneys' fees to class counsel excessive under the standards of this Circuit and the record in this matter?

## STANDARD OF REVIEW

This Court reviews the district court's decision to approve a class action settlement for abuse of discretion, which occurs when the district court's decision rests on an error of law or clearly erroneous factual finding or its decision cannot be located within the range of permissible decisions. *In re Literary Works In Electronic Databases Copyright Litigation*, 654 F.3d 242, 249 (2nd Cir. 2011). The same standard of review applies to the district court's award of attorneys' fees. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2nd Cir. 2010). In this regard, this Court requires that the district court step into the shoes of a reasonable paying client who wishes to pay the least amount necessary to litigate the case effectively. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 184 (2nd Cir. 2008).

## STATEMENT OF THE CASE

This lawsuit concerns the interchange fees attributable to merchants that accepted Visa or MasterCard credit or debit cards between January 1, 2004 and November 28, 2012, and Visa's and MasterCard's rules for merchants that accepted their cards.

The Class Plaintiffs claimed that Visa, MasterCard, and their respective member banks, including the Bank Defendants, violated the law because they set interchange fees. Further, Visa, MasterCard, and their respective member banks, including the Bank Defendants, violated the law because they imposed and enforced rules that limited merchants from steering their customers to other payment methods. Doing so insulated them from competitive pressure to lower the interchange fees.

In addition, Visa and MasterCard conspired together about some of the business practices challenged. Visa and MasterCard and their respective member banks continued in those activities despite that Visa and MasterCard changed their corporate structure and became publicly owned corporations after this case was filed.

Because of this, the Defendants' conduct caused the merchants to pay excessive fees for accepting Visa and MasterCard cards. But for Defendants' conduct there would have been no interchange fee or those fees would have

been lower. The Defendants stated they did nothing wrong. They claimed their business practices were legal, justified, the result of independent competition and have benefitted merchants and consumers.

Counsel for the class and Defendants reached a Definitive Class Settlement Agreement on or about October 19, 2012 (JA 1086) which was preliminarily approved by the Eastern District of New York (Gleeson, J.) on November 27, 2012 (JA 1100). Notice of the proposed settlement was mailed to class members and Appellant / Objectors The Iron Barley Restaurant, Homestead Restaurant (Historical Homestead, Inc.), The Feral Pig (KP Group, LLC), Paris Beauty Salon, Rachel Mustoe (dba Tousled Hair Studio), and Kristina Newman-Hair who timely filed their written objections to the proposed settlement on May 28, 2013 (JA 1850).

The settlement was approved and the district court entered its Memorandum and Order (SPA 1) approving the class action settlement on December 13, 2013 and entered Final Judgment thereon (SPA 73) on January 14, 2014. The district court entered its Memorandum and Order (SPA 56) awarding class counsel attorneys' fees of $544,800,000 on January 10, 2014 and entered Final Judgment Awarding Attorneys' Fees (SPA 203) on January 14, 2014.

9

# **STATEMENT OF FACTS**

As discussed by the district court in its Memorandum and Order (SPA 56) addressing attorneys' fees, the pertinent facts are that the settlement produces a net settlement fund of approximately $5.7 billion after reduction for opt-outs. (SPA 56). Following class counsels' request for a 10% fee award of $570 million, the district court awarded $544.8 million in attorneys' fees. (SPA 56). According to the district court, class counsels' lodestar is approximately $160 million on approximately 500,000 hours of attorney and paralegal time (SPA 56), resulting in a 3.41 multiplier (SPA 56), a "bonus" of $384,800,000.

In rendering its attorneys' fee award, the district court, however, questioned the lack of concrete guideposts in the law for cases of ultra mega proportions and accordingly invited this appeal for more precise guidance:

> "Even with the aid of the *Goldberger* factors, I have struggled to find a strong normative basis by which to evaluate the requested fee or to generate my own figure. The law sets only minimal constraints on fee awards. Within the boundaries of those constraints, it offers no concrete guideposts. And this case is so large and complex that it has few comparators to guide my judgment. More precise guidance would be useful…." (SPA 62).

Also of note is that although the district court referenced this Court's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2nd Cir. 2008), the district court never

acknowledged or applied this Court's admonition in *Arbor Hill*, at 184, that district courts must step into the shoes of a reasonable paying client who wishes to pay the least amount necessary to litigate the case effectively when evaluating and rendering attorneys' fee awards.

## SUMMARY OF ARGUMENT

In rendering its $544,800,000 attorneys' fee award to class counsel, the district court unduly adhered to a "percentage of the fund" methodology in this ultra mega-fund settlement ($5.7 billion) and ignored in its analysis the admonition of this Court that district courts must step into the shoes of a reasonable paying client who wishes to pay the least amount necessary to litigate the case effectively. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 184 (2nd Cir. 2008).

Under no circumstances would a reasonable paying client wish to pay counsel $544,800,000 equating to 3.41 times the actual hours devoted by all attorneys and paralegals (a bonus of $384,800,000) when substantially less in fees would more than adequately compensate counsel for their time and risk.

Ultra mega-fund settlements present the anomaly that the value of attorney services becomes simply an artifact of the size of the defending corporation resulting in the awarding to class counsel of enormous windfall fees far in excess

of the actual time spent, begging further judicial scrutiny, review and fairer standards for the protection of the interests of the class members.

## ARGUMENT

In this Circuit, the district court is to act as a fiduciary who must serve as a guardian of the rights of absent class members and must approach attorneys' fee awards with an eye to moderation. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 52-53 (2nd Cir. 2000). In this regard, this Circuit requires the district court to step into the shoes of a reasonable, paying client who wishes to pay the least amount necessary to litigate the case effectively. *Goldberger, supra.*; *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 184 (2nd Cir. 2008).

Ultra mega-fund settlements present the anomaly that the value of attorney services becomes simply an artifact of the size of the defending corporation resulting in the awarding to class counsel of enormous windfall fees far in excess of the actual time spent, begging further judicial scrutiny, review and fairer standards for the protection of the interests of the class members. For example, in the instant case, the district court has awarded class counsel $544,800,000 in attorneys' fees which is 3.41 times the actual hours devoted by all attorneys and paralegals, resulting in an enormous windfall bonus of $384,800,000 coming out of the settlement fund and therefore the pockets of all class members.

This anomaly can only be rectified by evaluating attorneys' fee awards in ultra mega-fund settlements from the bottom up, instead of the top down. One such guide is the Supreme Court's approach to fee-shifting attorneys' fee awards wherein there is a strong presumption that the lodestar is sufficient, that factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar, and attorneys seeking fees have the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified. *Perdue v. Kenny A.*, 559 U.S. 542 (2010).

The district court's strict adherence to "percentage of the fund" results in a an unjustified windfall bonus of $384,800,000 to class counsel, more than tripling class counsels' lodestar without applying this Court's standard imposed on all district courts that they approach attorneys' fee awards with an eye to moderation, stepping into the shoes of a reasonable, paying client who wishes to pay the least amount necessary to litigate the case effectively, an abuse of the district court's discretion.

## **CONCLUSION**

This Court should reverse the district court's $544.8 million attorneys' fee award to class counsel for abuse of discretion and remand to the district court for an award of attorneys' fees consistent with this Court's admonition that district

13

courts render attorneys' fee awards with an eye to moderation, stepping into the shoes of a reasonable, paying client who wishes to pay the least amount necessary to litigate the case effectively. Also in this regard, the district court should be instructed to approach this ultra mega-fund settlement in a manner similar to that of fee-shifting awards wherein there is a strong presumption that the lodestar is sufficient and that counsel seeking fees in excess thereof has the burden of identifying factors that the lodestar does not adequately take into account and proving them with specificity that an enhanced fee is justified.

## NOTICE OF JOINDER

Pursuant to F.R.A.P. 28(i), Appellants adopt by reference all Issues and Arguments, not otherwise argued herein, contained in the briefs submitted by all counsel for co-appellants, including Joint Brief of Merchant Appellants and Merchant Trade Groups' Brief.

Respectfully submitted,

/s/Steve A. Miller
Steve A. Miller, P.C.
1625 Larimer St., Ste. 2905
Denver, CO  80202
T: 303.892.9933
F: 303.892.8925

## CERTIFICATE OF SERVICE

## CM/ECF FILING/SERVICE
## U.S. Court of Appeals, Case No. 12-4671

      I hereby certify that on June 16, 2014, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Second Circuit using the CM/ECF system which will provide notification of such filing to all counsel of record.

June 16, 2014                                                           s/Steve A. Miller


## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C)

      Pursuant to the Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that the foregoing brief is proportionately spaced, has a typeface of 14 points Times Roman, and as calculated by my word processing software (MS Word) contains 2230 words.

June 16, 2014                                                          s/Steve A. Miller